You're next from George v. New York State Division of Parole. Patrick George, Pro Se for Police and Court. This case is this. My due process rights was violated because I was arrested, indicted, and convicted based upon evidence the DA knew was false. And purging when it was stated under oath. As far as it pertains to me committing crimes, the complainant witnesses in both cases, the evidence contradicted everything they said, and the police knew this at the time of my arrest. Now specifically, 416687 rape case. Camille Moreno, the police and the DA knew that when she went to the grand jury, stating how I beat up and raped her, and Theo came in to save her, they knew that was a lie. Because they interviewed Theo before I was arrested, okay? All through leading up to trial, they're saying, oh, crying, oh, he beat up, he raped, he dragged, and all this craziness where one judge, right before I went to trial, told them, I want to see all evidence against this man, that I don't believe he's guilty. He's 16 years old, and look at the allegations you're making against him. We go to trials. Rather, we come back, they gave the judge a serology report. They never gave the judge a medical examiner report. Michael Warren asked for it, the legal aid asked for it, from when I was arraigned, that's how I was released on ROR. We go to trial. Now all of a sudden, the story is this, he didn't beat up the rapist. She just laid back and let him have her way because she was scared of him. Michael Warren grabs the grand jury minutes, and he's cross-examined her, where she states she was beat up, raped, beat up, fight, never submitted, all the physical violence, all the Ted Bundy nonsense. Now, the medical examiner comes on stand. Michael Warren, they just gave him the report. They never gave him the report before. The judge ordered the report, not the trial judge, but the judge before I went to trial, ordered everything, they never gave him this. Come to find out, you know what the medical examiner told them? Listen, there was no rape. I checked thoroughly everything, not one laceration, not one bruise, and I got a better one for you. They got me convicted of sodomy. She told the grand jury, I asked her for all the sex, she said no and that was it. But yet I'm convicted of attempted sodomy and sodomy. When she told the grand jury that it never happened, she told them in trial, it never happened. Now, this is where the materiality thing comes in. If they would have given the medical examiner report earlier, Michael Warren could have moved to get dismissed. If they would have gave it to the judge, reasonable probability the case was never going to trial. Because he made that very clear when he told them, we come back here, I want to see some evidence. All they gave him was a surrogate report. They already knew that I said that I slept with her, but I said I didn't rape her. I got a Sixth Amendment right. The exculpatory evidence they're supposed to give, two minutes, one minute. I got exculpatory right with the Sixth Amendment. The prosecution is supposed to let the grand jury know about exculpatory evidence. Yes. In 1996, you denied your habeas petition. Let me just ask the question and then I want to hear your answer. Okay. And in the time since then, particularly since 2015, you've tried to get that reconsidered, which Judge Kogan has denied. Repeatedly. So the only question before us today is whether Judge Kogan's order telling you you couldn't file any more requests without leave of court was an error. So we're not yet hearing the challenge you just argued to us. We're trying to decide if Judge Kogan made a mistake in prohibiting you from filing anymore. So I just want you to take a minute to tell us why you think he did make a mistake. Okay, well first, Your Honor, the reason why my writ was denied by Judge Sifton, and I just found this out in 2015. Your Honor, he granted me an evidentiary hearing and a compel hearing. Guess what? They never brought me to court, and I never knew about it. I found out by accident. I produced in a lower court my version of PACER. Nowhere does it show that I was granted anything. I used to call all the time. They say, no movement on the case, no movement on the case. Now, why do I feel the injunction is error? I'll tell you why. For 30 years, Judge Kogan said to how the case, Judge Sifton decided the case on the merits and how I had a full and fair opportunity to present my claims. No, I did not. And then when he finally turned around this time and said to how I never had a hearing and Judge Sifton didn't deny my case on the merits, that's what made me start asking questions. How is it for 30 years you've been saying to how I had a full and fair opportunity to present my claims in front of Judge Sifton and my case was denied by Judge Sifton on the merits, now you're saying to no, it never happened. That's what I've been saying all along. I've never had a chance to present my evidence. Okay. All right? Now. Let's hear from the other side. Not a problem. You're welcome. Good afternoon, your honors. My name is Amy Applebaum. I'm an assistant district attorney in Brooklyn. I represent the respondent. I'm going to briefly focus on the issue that Judge Radji set forth a few minutes ago, which was the issue that this court directed the parties to address in its orders dated February 26th and June 28th of last year. Petitioner asked the district court to reconsider the 1996 order denying his habeas petition. The district court, Judge Kogan, denied the motion and explained why the 1996 order should not be disturbed. Petitioner filed four motions for reconsideration of the initial order denying reconsideration. The district court denied all four motions and in its orders denying the second and He might be enjoined from further filings. The district court had said filing of repetitive motions for reconsideration may lead to an injunction against further filings. And then in petitioner's third and fourth motions, he acknowledged the warnings, but he did not say why he should not be enjoined. And it wasn't- There was no show cause hearing, he was not invited to address that specifically, he was warned. He was warned, he was not, that's correct, and Judge Kogan did not issue an order to show cause why he should not be enjoined. However, he did warn him twice, and in the petitioner's third motion, he addressed one of the portions of that motion, threat of injunction for following the law. And in the fourth motion, he said this court is violating my rights to petition the government. So it was clear that he was aware that he had been warned, but he did not say why he should not be enjoined. And then it wasn't until two weeks after the fourth motion, two weeks after the court had initially warned petitioner that the court issued the injunction. So petitioner was on notice and did have the opportunity during that period to file additional papers with Judge Kogan explaining why he should not be enjoined. This case is entirely different from the Motes case that was mentioned in this court's February 26th, 2016 order. Because in that case, the district court simply didn't inform the petitioner of the potential for an injunction. And then the district court acted properly in issuing the injunction. The injunction did allow petitioner to file additional motions if he attempted to get and received permission of the court. And it only applied to this case. It wasn't overly broad. So for those reasons, the order of the district court should be affirmed. Thank you. All right, I thank both parties for your submissions. You have something you want to add? Very quickly, you only had five minutes, Mr. Yes, sir, even longer than that. But if you have a sentence you want to add to respond, we'll hear you. Yes, the court. Everything Judge Kogan said was wrong from a factual basis. I had to, every time he said, your evidence is material. No, it wasn't. He said that how Judge Sifton didn't offer evidence. Yes, he did, and I kept presenting evidence. Everything he said, I was presenting evidence to show that he was wrong, and I had to. What was I going to do? I've been in court, and I've listened even more. If I was to come to this court and say, okay, he was saying these things, and I never said nothing. Y'all would have said, so wait a minute, you didn't give him a chance to pass on his error, but you want us to come up here and correct it? No, Mr. George, we're not doing that, okay? I did what I was supposed to do, what the law tells me to do. Every time if he says something materially wrong, I have the right to tell him no, this is not true, and present evidence as such, this is what I was doing. All right, we understand your position and the position of the respondents, so we're going to take it under advisement. Thank you very much.